**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**MELVIN OMAR VALEZ-SANTOS**                                        **PETITIONER**
Reg # 32316-069

VS.                              CASE NO.: 2:14CV00105 DPM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                              **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.   **Procedure for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>>   Clerk, United States District Court
>>   Eastern District of Arkansas
>>   600 West Capitol Avenue, Suite A149
>>   Little Rock, AR 72201-3325

**II.    Background:**

Petitioner Melvin Omar Valez-Santos[1] pleaded guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to commit offenses against the United States, and two counts of making a false statement to a federally licensed firearms dealer. (Docket entry #9-1 at p. 1) Judge Richard Lazzara sentenced Mr. Valez-Santos to an aggregate term of 240 months in the Bureau of Prisons ("BOP"). (#9-1 at p. 2) Mr. Valez–Santos timely filed a notice of appeal. His lawyer, however, later filed a motion to dismiss the appeal with prejudice, which the Eleventh Circuit granted. *Velez-Santos*[2] *v. United States*, 469 F. App'x 809, 810 (11th Cir. 2012).

Mr. Valez-Santos filed a petition under 28 U.S.C. § 2255, challenging his sentence. In the petition, Mr. Valez-Santos complained that his counsel was ineffective because he failed to perfect an appeal, despite being instructed to do so; failed to challenge the sentencing guidelines' base offense level; failed to challenge the ten-level

---

[1] Mr. Valez-Santos is incarcerated in the Federal Correctional Complex in Forrest City, Arkansas. (Docket entry #1)

[2] Documents from the United States District Court for the Middle District of Florida and the Eleventh Circuit spell Mr. Valez-Santos's name "Velez-Santos."

2

enhancement for involvement of 200 or more firearms; and failed to challenge the four-level enhancement for his role in the offenses. (#9-2)

Mr. Valez-Santos filed a motion with the trial court to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. (#9-3) Judge Lazzara appointed new counsel for Mr. Valez-Santos and held an evidentiary hearing at which Mr. Valez–Santos and his former lawyer testified. *Velez-Santos*, 469 F. App'x at 810. The Eleventh Circuit summarized Judge Lazarra's findings as follows:

> The court found that the lawyer "testified quite clearly that . . . he did have [Velez–Santos'] authority to dismiss the appeal prior to filing of the motion with the Eleventh Circuit." *Id*. Crediting the lawyer's testimony, the court found that Velez–Santos was "in agreement to dismiss his appeal," and it denied the § 2255 motion.

*Id*. (#9-4)

Judge Lazzara did issue a certificate of appealability, however, on the question of whether Mr. Valez-Santos's appellate counsel was ineffective for moving to dismiss Mr. Valez-Santos's direct appeal without authorization. (#9-4) Mr. Valez-Santos appealed, and the Eleventh Circuit affirmed. *Velez-Santos*, 469 F. App'x at 811. The Court found that substantial evidence supported the district court's finding that Mr. Valez–Santos's lawyer had authorization from Mr. Valez–Santos to file the motion to dismiss the appeal. *Id*. The Court also noted that Mr. Valez–Santos had not responded to a letter from the Court asking him if he had any objections to the motion to dismiss the appeal, even though, as he testified, he had received that letter. *Id*.

Mr. Valez-Santos filed the pending petition for writ of habeas corpus, under 28 U.S.C. § 2241. In his petition, Mr. Valez-Santos raises the same claims he raised in the motion filed with the sentencing court in his 28 U.S.C. §2255 motion. (#1, #2) He claims his counsel was ineffective for failing to perfect his appeal after being instructed to do so; failing to challenge his sentence as being unreasonable and greater than necessary to comply with 18 U.S.C. §3553(a)(2); failing to challenge the four-level enhancement for his role in the offenses; and failing to challenge the 10-level enhancement for involvement of 200 or more firearms. (#2) For the reasons that follow, the Court recommends DISMISSAL of the petition, without prejudice. (#2)

**III. Jurisdiction:**

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A claim that a sentence exceeded the maximum allowed under law is properly brought under § 2255. 28 U.S.C. § 2255(a).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his

detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959. Mr. Valez-Santos argues that the savings clause applies in this case.

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. The § 2255 remedy is not inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected; because the petitioner was denied leave to file a second or successive § 2255 petition; or because a § 2255 petition was time-barred. *Id*.

Here, Mr. Valez-Santos clearly challenges his sentence. His direct appeal was dismissed; the sentencing Court denied his § 2255 motion; and the Eleventh Circuit Court of Appeals affirmed. Mr. Valez-Santos claims the savings clause applies here because the district court and court of appeals erred in denying him relief. (#2 at pp. 2, 5, 15) As explained, however, a § 2255 motion is not inadequate or ineffective merely because the

sentencing Court denied relief. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Because Mr. Valez-Santos has not shown that the § 2255 remedy is "inadequate or ineffective" in order to proceed under the statute's savings clause, the Court cannot entertain his petition under 28 U.S.C. § 2241.

## IV. Conclusion:

The Court recommends that the petition (#1) be dismissed, without prejudice, for lack of subject matter jurisdiction.

DATED this 24th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE